UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| DYLAN HEATHERLY, | : | NO.: 1:16-CR-82 |
| | : | |
| Defendant | : | (JUDGE YVETTE KANE) |

Movant, Dylan Heatherly, moves to amend his pending Petition for relief pursuant to 18 U.S.C. § 2255. In support he states the following.

## I.  Introduction

Pending before the Court is a petition for relief pursuant to 18 U.S.C. § 2255 challenging movant's sentence imposed by this Court. During counsel's review of the record in this Court together with counsel's investigation, counsel discerned an ineffective assistance of counsel claim for trial counsel's failure to present critical mitigation evidence that would have impacted this Court's sentencing decision.

## II. Argument

Movant meets the standards for amending his petition. FRCP 15(a)(2) permits amendment with permission of the Court or agreement of the opposing party. The Court should grant leave when "justice so requires," and the Rule permits "liberal" amendment, if the movant meets four conditions.

> Rule 15(a) requires that leave to amend the pleadings be granted freely when justice so requires . . . We have held that motions to amend pleadings should be liberally granted. Under the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been **[1]** undue delay, **[2]** bad faith on the part of the movant, or **[3]** prejudice to the nonmovant as a result of the delay. . . . This Court has often held that, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or **[4]** futility of amendment.

*Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (bolded numbers added).

The proposed amendment meets the standards of Rule 15. **First,** it is not being filed after "undue" delay. It is being filed immediately upon receipt of the information giving rise to it. **Second**, its filing will not cause prejudice to Respondents who have yet to respond to the underlying merits argument of the claim, and can be permitted additional time to respond, if necessary. **Third**, it is not being filed in bad faith or for purposes of delay. The amendment is being submitted to provide the Court with critical information directly relevant to Movant's claim and necessary for its proper adjudication. Further, it is being filed immediately upon receipt of the report of Movant's written expert report. **Fourth**, the claim is not futile, in that it is neither "frivolous [n]or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D. N.J. 1990) (internal citations omitted). "This does not require the parties to engage in the equivalent of substantive motion

practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Id.* at 469. Movant's amendment meets this standard.

Futility would exist if movant could not make a good faith argument that the expert report that Petitioner just received did not add to movant's claim. But Movant's amendment offers an elaboration of movant's claim in many specific ways including a detailed social and mental health history, the results of cognitive testing, as well as expert analysis detailing the origins of movant's criminal conduct, his amenability to treatment and his low risk of re-offense.  Regardless of this Court's ultimate resolution of the argument should the Court grant the amendment, the argument is well-grounded in fact and law, and not frivolous.

### III.    Oral Argument Requested

In the event the Court is not inclined to summarily grant the *Motion to Amend,* Movant requests an opportunity to argue the merits of this *Motion to Amend*. **IV.**

## IV. Conclusion

For all of the above reasons, and based upon the full record, and the record in this Court, movant's *Motion to Amend* should be granted.

Respectfully Submitted,

*Alan Tauber*

Karl Schwartz
Alan Tauber
Wiseman & Schwartz, LLP
718 Arch Street, Ste. 702 N
Philadelphia, PA 19106
(215) 450 – 3391
schwartz@wisemanschwartz.com
atauber@atauberlaw.com

Dated: May 25, 2022
Philadelphia, PA