UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:16-CR-00082 |
| | ) | |
| v. | ) | (Judge Kane) |
| | ) | |
| DYLAN HEATHERLY | ) | (Electronically Filed) |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the United States of America, by and through its attorneys, John C. Gurganus, United States Attorney for the Middle District of Pennsylvania, and Scott R. Ford, Assistant United States Attorney, and files this Response to Petitioner's "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence." (Doc. 1114.)

## I. INTRODUCTION

Petitioner Dylan Heatherly has filed a motion, under 28 U.S.C. §2255 to vacate, set aside or correct his 300-month prison sentence for convictions of (1) conspiracy to distribute or receive child pornography, in violation of 18 U.S.C. §2252(a)(2), and (2) distribution or receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2). (Doc. 1114.)

Heatherly claims he received ineffective assistance of counsel at sentencing via an inadequate investigation of his background and an

alleged failure to obtain an expert evaluation for mitigation at sentencing. (*Id.*, pg. 20). Heatherly claims that but for the deficient performance, there is a reasonable probability he would have received a lesser sentence. (*Id.*). Heatherly's claims, however, are without merit as his trial counsel presented extensive mitigating evidence at sentencing and Heatherly has failed to establish that an expert evaluation was necessary in his case or that it would have changed the sentence.

As movant's claims are wholly baseless and without merit, they should be summarily denied.

## II. FACTS

On July 22, 2015, a law enforcement officer in Toronto, Canada was monitoring a chatroom known to show child pornography. (PSR ¶ 9). In the chatroom, a livestream of co-defendant William Augusta raping and sexually assaulting his six-year-old nephew in Carlisle, Pennsylvania played. (PSR ¶¶ 9-11). Many users watched and encouraged the abuse. (PSR ¶ 14). Heatherly, under the alias "Daniel Sotherland", was one of the viewers and commentators. (*Id.*).

Heatherly posted a public comment in the chatroom less than one

minute before Augusta began the livestream stating, "so appreciate if someone showed vids—need to bust [that is, ejaculate] before work." (*Id.*). Heatherly again commented three minutes into Augusta's livestream by saying, "so close here." (*Id.*).

Law enforcement officers eventually located Heatherly in San Diego and executed a search warrant. (PSR ¶ 20). Heatherly spoke and admitted to officers about his alias, watching child pornography, and that he was abused as a minor. (PSR ¶ 20). A forensic analysis revealed multiple child pornography images and a child pornography video on Heatherly's electronic devices. (*Id.*).

### III. PROCEDURAL HISTORY

On May 11, 2016, Dylan Heatherly and 14 co-defendants were named in an 18-count superseding indictment. (PSR ¶ 2). Heatherly was named in four counts: Count 11, 12, 13, and 17. (*Id.*). Count 11 charged Heatherly with conspiracy to distribute or receive child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Count 12 charged Heatherly with receipt or distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 13 charged Heatherly with conspiracy to publish a notice and advertisement seeking to receive and

distribute child pornography, in violation of 18 U.S.C. § 2251(d). Count 17 charged Heatherly with knowingly publishing a notice and advertisement seeking to receive and distribute child pornography, in violation of 18 U.S.C. § 2251(d). (*Id.*).

Heatherly was appointed counsel, Robert J. Daniels. On May 17, 2016, Heatherly entered a plea of "not guilty" on all accounts. (PSR ¶ 1). Attorney Daniels represented Heatherly at trial and on appeal. In 2017, the government made an offer to Heatherly to plead guilty to Counts 13 and 17 in exchange for the dismissal of the other counts. Heatherly declined the offer and proceeded to trial with one co-defendant, William Staples. (PSR ¶ 3). Trial commenced on January 16, 2018 and the jury ultimately found Heatherly guilty on Count 11 and 12 - the substantive and conspiracy offenses for receiving child pornography.[1] (*Id.*).

The United States Probation Office's final PSR contained an advisory guideline range of a life sentence; however, the advisory sentence was 480 months (40 years) due to the statutory maximum

---

[1] The jury acquitted Heather of Count 13 (knowingly publishing a notice of advertisement seeking child pornography) and was hung on Count 17 (conspiracy to commit such a crime).

penalties for the counts of conviction. The Government requested the maximum 480-month sentence. (PSR ¶¶ 26, 37, 40, 64).

One June 3, 2019, Attorney Daniels filed a sentencing memorandum on behalf of Heatherly. (*See* Heatherly's Sentencing Memorandum, originally filed under seal, but attached to Petitioner's Motion at Doc 1114-4). Attorney Daniels argued the appropriate guideline range was 87-108 months. (*Id.* pgs. 9-10). The sentencing memorandum contained several character letters, a letter from a prison counselor indicating attendance at prison therapy sessions, treatment by a psychiatrist, certificates showing mental health processing participation, a class in victim awareness, a class in stress and anger management, and a class in life skills. (Doc. 1114, pg. 31). Attorney Daniels also presented mitigating evidence of Heatherly's acceptance of responsibility, cooperation with the investigation, post-arrest rehabilitation, and a willingness to plead guilty.[2] (*Id.*).

On June 6, 2019, the Federal District Court for the Middle District of Pennsylvania convened a sentencing hearing for Heatherly. Attorney

---

[2] The Government offered a plea of guilty pertaining to Counts 13 and 17. Heatherly was willing to plead guilty to Counts 11 and 12. The Government rejected Heatherly's idea.

Daniels addressed the mitigating sentencing factors contained in his sentencing memorandum, called four character witnesses, and conducted an allocution. (*Id.*, pg. 20).

The District Court varied downward from the recommended 480-month sentence to an aggregate sentence 300-month (25 years) sentence followed by 15 years of supervised release. The District Court also imposed a special assessment of $100, a fine of $1,500, and restitution of $576.95. (*Id.*, pg. 5).

On July 19, 2020, Attorney Daniels filed a timely appeal to the Third Circuit on multiple grounds. On December 11, 2020, the Third Circuit affirmed Heatherly's conviction and sentence. (Doc. 1114, pg. 5). Heatherly had until May 9, 2022, to file his Motion to Vacate 28 U.S.C. § 2255(f) motion, which was timely filed. (*Id.*) The Government now responds to Petitioner's motion.

## IV. PETITIONER'S MOTION

Petitioner claims Attorney Daniels provided ineffective assistance of counsel in violation of his Six Amendment Rights. Petitioner alleges that Attorney Daniels' representation was deficient due to an inadequate investigation into Petitioner's background, which allegedly

6

should have revealed the need for an expert evaluation. Petitioner also claims the evaluation would have created a reasonable probability of a lesser sentence. (Doc. 1114, pg. 20). As a result, Petitioner asks the court to vacate the sentence, convene a new sentencing hearing and impose a new sentence.

## V. LEGAL AUTHORITY

Under 28 U.S.C. § 2255, an individual in custody pursuant to a sentence imposed by a federal court and who alleges a violation of a constitutional right may file for relief. It is undisputed that the Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to effective assistance of counsel and the United States Court of Appeals for the Third Circuit has held that, "[a] § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." *United States. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (citing *United States v. Sandini*, 888 F.2d 300, 311-12 (3d Cir. 1989)); see also *United States v. Molina*, 75 F. App'x. 111, 113 (3d Cir. 2003) ("Because they are often highly fact-bound, claims of ineffective assistance of counsel are generally not considered on direct appeal. . . . Instead, 'the proper

avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed.'") (internal citations omitted).

However, to prevail on an ineffective assistance of counsel claim, Petitioner must meet both prongs of the *Strickland* test: (1) that his attorney's performance was deficient and (2) he was prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the performance prong, Petitioner must establish his attorney's performance was unreasonable under prevailing professional norms. *Id.* at 687. Ultimately, the "issue is not what conduct is 'prudent or appropriate, but only what is constitutionally compelled.'" *Rompilla v. Horn*, 355 F.3d 233, 246 (3d Cir. 2004) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it," does not meet the deficiency prong. *Murray v. Carrier*, 477 U.S. 478, 486–87; *see also United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015)

Counsel is strongly presumed to have provided effective assistance. *Strickland*, 466 U.S. at 690. "[I]t is all too easy to conclude

that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (quoting *Strickland*, 466 U.S. at 689). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different ... strategy would have fared better." *Rolan v. Vaugh*, 445 F.3d 671, 681-2 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689).

If this Court finds the attorney's performance was deficient, the court must then determine if there was prejudice. Prejudice is defined as a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 446 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Weeks v. Snyder*, 219 F.3d 245 (3d Cir. 2000). Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 687.

## VI.   DISCUSSION

<u>1. Petitioner's Claim of Inadequate Investigation</u>

Petitioner alleges Attorney Daniels' performance was objectively unreasonable because he inadequately investigated Petitioner's background and did not obtain an expert evaluation for mitigation. (Doc. 114, pgs. 29-38).  However, Petitioner fails to acknowledge Attorney Daniels presented mitigating evidence at sentencing and there is no binding caselaw to suggest an expert evaluation is required.

Ineffective assistance of counsel for inadequate investigations most often occur in capital cases in which counsel omits substantial mitigating evidence.  *See Williams v. Taylor*, 529 U.S. 362 (2000); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005).  In *Williams*, the defendant was sentenced to death for armed robbery and murder.  532 U.S. at 368-70.  Counsel did not mention that the defendant had a difficult upbringing, was "borderline mentally retarded," did not advance beyond the sixth grade, and was not dangerous according to prison officials based on post-offense good acts. *Id.* at 395-96.  Therefore, the Court found ineffective assistance was rendered. *Id.*

In *Wiggins*, the defendant was sentenced to death for murder after counsel did not inquire into nor obtain information regarding defendant's severe abuse suffered as a child. *Id.* at 523-24. In *Rompilla*, the defendant was sentenced to death for murder due to aggravating factors of torture and prior crimes. *Rompilla*, 545 U.S. at 391-92. Counsel failed to examine substantial evidence about the defendant's prolonged history of substance abuse and mental disorders and, as a result, the Supreme Court held counsel was constitutionally ineffective. *Id.* at 381-92 and 390-93.

Attorney Daniels' assistance is incompatible with the constitutional violations seen in *Williams*, *Wiggins*, and *Rompilla*. First, these cases taken together indicate a constitutional violation is rare outside of a capital case. Second, these cases establish the standard is to investigate and present mitigating evidence, which Attorney Daniels did. He presented a significant amount of mitigating evidence at sentencing and Petitioner's background and characteristics were sufficiently detailed in 10 paragraphs of the PSR. (PSR ¶ 44-54). Therefore, Attorney Daniels' performance exceeded what was required.

Similarly, Petitioner claims Attorney Daniels' performance was deficient based on ABA professional guidelines.  The Supreme Court has not issued strict guidelines in this area, but has warned against overreliance on professional guidelines, like the ABA guidelines cited by Petitioner.  (Doc. 1114, pgs. 26, 32-34). [3]  Nonetheless, Petitioner incorrectly claims the ABA guidelines require counsel to obtain an expert evaluation for mitigation. (*Id.*)  Instead, the guidelines state counsel is to investigate and present mitigating evidence, which Attorney Daniels did.

In short, the caselaw Petitioner presents in his brief, does not support a finding that Attorney Daniels's performance was in anyway deficient.  *Williams*, *Wiggins*, and *Rompilla* do not indicate counsel is constitutionally compelled, particularly in a non-capital case, to hire an expert evaluation to reveal information that counsel has already introduced through means, which Attorney Daniels presented in the

---

[3] The Supreme Court has cautioned against an overreliance on professional guidelines.  The Court has stated professional guides are "'only guides' to what reasonableness means, not its definition." *Bobby v. Van Hook*, 558 U.S. 4, 8 (2009). The Court has further explained "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."  *Id.* at 9 (citing to *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000)).  Still, Attorney Daniels' conduct met the standard found in Petitioner's cited guidelines.

PSR, the sentencing memorandum, at the sentencing memorandum, and on direct appeal.  Therefore, Petitioner has not met the deficient performance prong of the *Strickland* test.

2. Petitioner's Claim of Prejudice

If Petitioner's claim somehow reaches the second prong of the *Strickland* test, prejudice, it would fail.  As with deficiency, Petitioner also mischaracterized the prejudice element.  "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Petitioner wishes to introduce a psychological report from Dr. Jennifer Weeks.  (Doc. 1124).  Dr. Weeks' report claims Petitioner is at low risk for recidivism due to his age (38 years old) because a single cited study reported sexual recidivism decreases with age. (*Id.*, pg. 12). The report claims that Petitioner is at low risk of recidivism based on a different, but also singular, study that suggests having been in a long-term relationship lowers the likelihood of recidivism. (*Id.*, pg. 13). Even if this were accepted, Petitioner was in a 30-month relationship that ended around 2009. (*Id.*, pg. 4 & 13).  The report also claims

13

Petitioner's mental health and traumatic childhood explain his criminal activity. (*Id.*, pgs. 2-). However, Attorney Daniels had already presented this information at sentencing.

In cases in which a Court found the defendant was prejudiced by counsel's investigative measures, the sentencing court had no knowledge of critical mitigating evidence. *See Williams*, 529 U.S. at 395-96; *Wiggins*, 539 U.S. at 523-24; *Rompilla*, 545 U.S. at 381-92. Here, the District Court and Third Circuit Court of Appeals knew of Petitioner's background through various materials. In addition to the mitigation evidence provided by Attorney Daniels and listed above, the *Mirandized* interview contains Petitioner's statements to officers about his experience with abuse. (Doc. 1114, pg. 9). The PSR spent 10 paragraphs detailing Petitioner's difficult relationship with his father and mother's boyfriend, his father's death, physical abuse, depression, and substance abuse as an adult. (Doc. 1114, pg. 14; PSR ¶ 44-54). In short – the Sentencing Court was well aware of the mitigating evidence in this case and Dr. Weeks' report simply reiterated that information. In fact, the Court even outlined that evidence itself in justifying its downward variance, "as counsel has pointed out, [Petitioner] has no

prior criminal history, no drug history, perhaps a history of depression, a record that would make him somebody who is *likely to be a law-abiding citizen* but for the offense that brings him before the court." (Doc. 1114, pg. 19) (emphasis added).

For these reasons, it is clear Attorney Daniels' representation was objectively reasonable and Petitioner was not prejudiced, as evident by the voluminous mitigating evidence presented at trial and the affirmation of the sentence on direct appeal. Petitioner has clearly failed to satisfy the *Strickland* test for ineffective assistance of counsel. Therefore, Petitioner's claim must be denied.

## VII. CONCLUSION

For the above-identified reasons, the government requests that Petitioner's motion to vacate be denied.

Respectfully submitted,

JOHN C. GURGANUS
United States Attorney

Date: June 9, 2022               /s/ Scott R. Ford
                                 Scott R. Ford
                                 Assistant U.S. Attorney
                                 scott.r.ford@usdoj.gov
                                 PA313258
                                 228 Walnut Street
                                 Harrisburg, PA 17108
                                 717-221-4482 (Office)

## CERTIFICATE OF SERVICE

I certify that on June 9, 2022, I served the foregoing document by electronic service on the following individual:

Alan J. Tauber
atauber@atauberlaw.com

                                        /s/ Scott R. Ford
                                        Scott R. Ford
                                        Assistant U.S. Attorney