# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| DYLAN HEATHERLY, | : | NO.: 1:16-CR-82 |
| | : | |
| Defendant | : | (JUDGE YVETTE KANE) |

## MOVANT DYLAN HEATHERLY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF FROM SENTENCE PURSUANT TO 28 U.S.C. § 2255

Movant Dylan Heatherly, through counsel, hereby submits his reply to the government's response to his Petition for Relief Pursuant to 28 U.S.C. § 2255.

In the government's response, its principal argument is that trial counsel was effective in his investigating and presenting mitigating evidence at Mr. Heatherly's sentencing. Government's Reply at 10-12. The government, however, provides no factual basis to support its position or trial counsel's efforts. Trial counsel's efforts, if any, to investigate and to present mitigation at sentencing are facts in dispute that warrant a hearing to resolve. Just exactly how the government is aware that trial counsel conducted anything like a reasonable investigation of mitigating factors -which is Mr. Heatherly's right and counsel's duty under the Sixth Amendment - is unclear, and certainly not evident from the record. Notably, trial counsel's sentencing memo contains a mere three and one half pages of text addressing facts

in mitigation, nearly half of which is summary of letters of support Mr. Heatherly received from friends and relatives, which were separately provided to the Court. Defendant's Sentencing Memorandum at 15-18. The remainder was nothing more than a rehash of facts obtained by United States probation and included in its pre-sentence investigation report. *Id.* Thus, were the Court to rely solely on the sentencing submissions and the pleadings here, the only inference to be drawn is that trial counsel did zero mitigation investigation and relied entirely on the PSR and letters submitted by others. While the government argues that some attempt at mitigation, perhaps even any attempt, is sufficient to satisfy the 6th amendment - clearly not the rigorous standard under the law as it is elaborated in our principal brief - it is evident that counsel did not even reach the government's meager bar. Government's Reply at 11-13. The weakness of trial counsel's presentation is underscored by the government's inability to point to anything that trial counsel brought to the Court's attention other than what the presentence investigator detailed in the PSR. Mr. Heatherly was not represented by the presentence investigator who has no constitutional duty to supply mitigating evidence on behalf of a defendant.

What counsel failed to submit was information that was directly material to issues that Congress and the courts find critical to an appropriate individualized sentencing decision: future dangerousness, amenability to treatment and reform,

and the origins and motivations of the criminal conduct. These issues were all but ignored by counsel who provided nothing to the Court demonstrate, as Mr. Heatherly has in this motion, that the answers to each of these questions are highly mitigating. What makes counsel's failure even more unexplainable is that there were clues throughout the record to each of the conclusions that Dr. Weeks reaches; clues that would have been unmistakable if counsel had conducted even the most cursory social history of Mr. Heatherly and spoken to a forensic psychologist.

The government argues that trial counsel cannot be ineffective for failing to engage an expert to evaluate Mr. Heatherly and present the results of that evaluation at sentencing because no court has required use of an expert. Government's Reply at 12. This argument fails to account for the legal standards used to evaluate whether counsel has been effective. The mere lack of a per se requirement does not excuse counsel from the duty to provide effective counsel at sentencing under all of the circumstances. In this case, the engagement of an expert such as Jennifer Weeks, Ph.D. was perhaps the most important piece of mitigation that counsel could have supplied.[1]

The government argues that trial counsel's failures are not compatible with

---

[1] Undersigned counsel have made several attempts to have trial counsel provide a written declaration setting forth his rationale for his sentencing omissions. To date undersigned counsel have been unsuccessful. Undersigned counsel will call trial counsel at an evidentiary hearing, whether or not they are successful in obtaining his declaration.

the types of ineffectiveness for which courts have granted relief in capital cases. Government's Reply at 11-12. First, that is not correct. The facts adduced about Mr. Heatherly's background and the conclusions reached by Dr. Weeks concerning lack of dangerousness, mental health challenges and amenability to treatment and reform mirror the kinds of facts, background and conclusions adduced in the capital cases cited.

The government correctly states that the ABA Standards require trial counsel to investigate and present mitigating evidence and then summarily assert that trial fulfilled this obligation without any support in the record. Government's Reply at 12. As asserted above and presented in detail in Mr. Heatherly's principal brief, trial counsel did virtually nothing to fulfill this duty. The ABA Standards direct counsel to

> present to the court any ground which will assist in reaching a proper disposition favorable to the accused. If a presentence report or summary is made available to the defense counsel, he or she should seek to verify the information contained in it and should be prepared to supplement or challenge it if necessary.

1 ABA Criminal Justice Defense Function Standards 4-4.1 at 181 (3d ed.). Trial counsel failed to present critical grounds of mitigation and failed to explore or present critical supplemental material in the form of a forensic psychological evaluation, which is commonplace in the work of criminal defense lawyers. Further, Standard 7-9.4 instructs that "defense counsel may require the assistance

of mental health or mental retardation professionals to explore the availability of evidence concerning the defendant's mental condition insofar as it may be relevant to issues of mitigation or disposition." 1 ABA Criminal Justice Mental Health Standards, 7-9.4 at 474 (3d ed.). Clearly trial counsel ignored these simple admonitions about a defense counsel's duty of representation, particularly given the sentencing stakes in this case.

The government disputes the basis and authority of Dr. Weeks' conclusion about the impact of age and Mr. Heatherly's long term relationship on the risk of recidivism. Government's Reply at 13. This only underscores the need for factual development and resolution at a hearing.

The government also suggests that because there was reference to some of the facts that Dr. Weeks relied upon in rendering her expert conclusions- none of which were developed or presented by trial counsel-this is somehow equivalent to the more detailed social, emotional and mental health history and assessment completed by Dr. Weeks and is otherwise equal to the informed opinions and conclusions of a forensic psychologist who has processed those facts. Government's Reply at 13-14. This argument is both illogical and completely without legal precedent. The entire point of engaging an expert is to gather facts and present conclusions informed by her expertise.

The government also implies that in all cases where prejudice has been

found, there was no presentation of mitigation at all. *Id.* at 14-15. This is simply untrue and also without legal authority. It is indeed a rare case in which absolutely no mitigation has been supplied. Here, for instance, trial counsel did facilitate the presentation of letters of support from friends and family but this effort was wholly insufficient to satisfy the 6th amendment requirement.

The government also asserts that Dr. Weeks' expert report is nothing more than the reiteration of the PSR and the contents of Mr. Heatherly's interview given to the FBI at the time of his arrest, notwithstanding the fact that the report involved testing, a more exhaustive and pertinent social history, relevant reference to criminological studies and an evaluative process. *Id*. at 14-15. The government's assertion here only highlights the need for this Court to conduct a hearing to assess for itself whether the information and conclusions of Dr. Weeks amounts to evidence in mitigation beyond the ten paragraphs of the PSR and the transcript of Mr. Heatherly's interview which was read at trial but not even presented and barely referenced at the sentencing hearing.

Finally, as detailed in Mr. Heatherly's principal brief, the Third Circuit has established a very liberal standard for the grant of an evidentiary hearing. Taking Mr. Heatherly's allegations as true, which the Court must do, he has raised grounds for relief and an evidentiary hearing is warranted.

                                                                     _*s/Alan Tauber*_____
                                                                     Alan J. Tauber
Karl Schwartz
WISEMAN & SCHWARTZ, LLP
718 Arch Street, Suite 702 North
Philadelphia, PA 19106
(215) 360-3988
schwartz@wisemanschwartz.com
atauber@atauberlaw.com

Counsel for Petitioner
Dylan Heatherly

June 14, 2022

## Certificate of Service

On this 9th day of June 14, 2022, the undersigned certifies that a copy of the foregoing has been served on Assistant United States Attorney Scott Ford, via the Courts ecf system.

*s/Alan Tauber*